IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BYRON J. MITCHELL, | : | |
| Plaintiff, | : | |
| v. | : | No. 3:19-cv-60 (CAR) |
| BENSON'S BAKERY INC. | : | |
| Defendant. | : | |

## ORDER DISMISSING RECAST COMPLAINT
## FOR FAILURE TO STATE A CLAIM

Before the Court is Plaintiff's Amended Complaint [Doc. 5][1] filed in compliance with the Court's previous Order. [Doc. 4]. The Court has reviewed the Amended Complaint, liberally construed Plaintiff's allegations, and finds it fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED**. Plaintiff's Motion to Appoint Counsel [Doc. 7] and Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 8] are both **MOOT**.

In a previous Order [Doc. 4], the Court granted Plaintiff's Motion to Proceed *in forma pauperis* ("IFP") but found that Plaintiff failed to state a claim pursuant to Title VII.

---

[1] Plaintiff refiled the Amended Complaint with his signature [Doc. 6] on September 16, 2019.

Instead of dismissing Plaintiff's Complaint, the Court directed Plaintiff to file an Amended Complaint, which the Court must now evaluate under 28 U.S.C. § 1915.

Under 28 U.S.C. § 1915(e), a court must *sua sponte* dismiss an indigent nonprisoner's complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[2] This statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[3] A dismissal under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[4] As a result, "[d]ismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'"[5] As is its duty, this Court has scrutinized Plaintiff's Amended Complaint and has liberally construed all of Plaintiff's assertions. Plaintiff's case, however, must be dismissed for failure to state a claim.

As the Court informed Plaintiff in the previous order, to state a cognizable claim under Title VII, the Plaintiff must allege that his employer fired or otherwise

---

[2] 28 U.S.C. § 1915(e)(2)(b).
[3] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[4] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).
[5] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).

discriminated against him based on his protected class, or that his employer retaliated against him because he opposed a practice made unlawful by Title VII.[6] To establish a Title VII wrongful termination claim, Plaintiff must show that he was a "qualified member of a protected class and was subjected to an adverse employment action in contrast to similarly situated employees outside the protected class."[7] In other words, Plaintiff must allege facts that Defendant treated him differently than other employees because of his race, gender/sex, religion, or national origin.[8] To establish a Title VII retaliation claim, Plaintiff must show "(1) he engaged in statutorily protected activity, (2) he suffered a materially adverse action, and (3) there was some causal relation between the two events."[9]

While Plaintiff's Amended Complaint gives more details about his employment situation, it fails to state a cognizable claim under Title VII. From what the Court can surmise, Plaintiff claims that he was wrongfully terminated after complaining to the Human Resources Department ("HR") that his rate of pay "did not compare to the rate

---

[6] *Albert-Aluya v. Burlington Coat Factory Warehouse Corp.*, 470 F. App'x 847, 850 (11th Cir. 2012); *see* 42 U.S.C. § 2000e–2(a)(1).
[7] *Id*. at 850 (*quoting Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1263-64 (11th Cir. 2010)).
[8] 42 U.S.C. § 2000e–2(a)(1).
[9] *Summers v. Winter*, 303 F. App'x 716, 719-20 (11th Cir. 2008) (quoting *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008) (punctuation omitted)). In *Summers v. Winter*, Plaintiff claimed retaliation when his early retirement was denied after Plaintiff filed an EEOC complaint based on age discrimination against his employer. *Id.* at 720.

of pay of other employees," even though he was more skilled.[10] Plaintiff claims that after he complained to HR, Mr. Hill from HR called Plaintiff "Bubba," which Plaintiff felt "was a racial slur."[11] Plaintiff also claims that Mr. Hill did not change Plaintiff's schedule to accommodate Plaintiff attending technical college, which made him "look like [he] was always late."[12] Plaintiff refers to several exhibits which are not attached to the Amended Complaint.

These allegations fail to show Defendant was fired or paid less than his coworkers because of his race, gender/sex, religion, or national origin. Plaintiff not only fails to identify what protected class he falls under Title VII, he also fails to state whether his coworkers were of a different protected class. Plaintiff claims that he should have been paid more than other employees with less skill; however, pay differences are not covered under Title VII.[13] Because Plaintiff has failed to state a discrimination or retaliation claim under Title VII, Plaintiff has failed to state a claim on which relief can be granted.

---

[10] Pl.'s Amended Compl., ¶ 1-4.
[11] Pl.'s Amended Compl., ¶ 8.
[12] Pl.'s Amended Compl., ¶ 13-15.
[13] Note that Plaintiff also fails to state a claim under the Equal Pay Act of 1963 because he does not allege that he received a lower wage than an employee of the opposite gender. 29 U.S.C. § 206(d).

## CONCLUSION

Based on the foregoing, Plaintiff's Amended Complaint [Doc. 5] is **DISMISSED**,[14] Plaintiff's Motion to Appoint Counsel [Doc. 7] is **MOOT**, and Defendant's Motion to Dismiss [Doc. 8] is **MOOT**.

**SO ORDERED,** this 26th day of February, 2020.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[14] Note that this is effectively a dismissal with prejudice. Plaintiff's Complaint [Doc. 1] states that the discrimination/adverse employment action happened on October 12, 2017, and that he received the EEOC's Notice of Right to Sue letter on April 2, 2019. Plaintiff may not re-file his claim because the statute of limitations has expired. "The filing of a complaint that was later dismissed without prejudice does not automatically toll the limitations period for a future complaint." *Miller v. Georgia*, 223 F. App'x 842 (11th Cir. 2007); *see Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (holding that dismissal of an ADEA complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations).